# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: J.F.**

**No. 14-0028** (Calhoun County 13-JA-1)

**FILED**

June 2, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Foster Mother, by counsel Justin White, appeals the Circuit Court of Calhoun County's December 18, 2013, order terminating her guardianship rights to J.F. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem, Tony Morgan, filed a response on behalf of the child that supports the circuit court's order. On appeal, petitioner alleges that the circuit court erred in terminating her guardianship rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On January 2, 2013, J.F. was bitten in the face by petitioner's German Shepherd. The next day, the child reported to school employees that his injuries were due to a fall down the stairs. On January 4, 2013, the child changed his story and told the school staff that he was bitten by a dog. On the same date a Child Protective Services ("CPS") worker investigated the child's injuries. The child disclosed to the CPS worker that petitioner instructed him to say that he fell down the stairs. Further, the child disclosed that petitioner attempted to provide medical care for his injuries by applying "skin glue." As a result of this investigation, petitioner signed a protection plan agreement with CPS promising to remove the two large German Shepherds from her home until the investigation could be completed. The same night, a CPS worker, accompanied by law enforcement, conducted an unannounced home visit at petitioner's home. The worker discovered that petitioner failed to remove the dogs from the home and that she had placed the child with her parents.

Following these incidents, the DHHR filed a petition for abuse and neglect against petitioner. The petition alleged that petitioner failed to seek proper medical treatment for the child's injuries and failed to protect the child from dangers in the home. The circuit court held an adjudicatory hearing in February of 2013, and petitioner stipulated that she neglected the child. Thereafter, the circuit court granted petitioner a six-month post-adjudicatory improvement period.

1

On September 16, 2013, the circuit court held a review hearing to determine petitioner's progress in her improvement period. During the review hearing, the circuit court heard testimony from petitioner's in-home service provider, Holly Spencer. Ms. Spencer testified that petitioner complied with certain terms of the improvement period. However, Ms. Spencer testified that both of the dogs were still present in the home. By order entered on October 10, 2013, the circuit court continued petitioner's case.

In November of 2103, the circuit court held a dispositional hearing and heard additional testimony from Ms. Spencer, a supervised psychologist, and the in-camera testimony of the child. After considering the evidence, the circuit court terminated petitioner's guardianship rights. The circuit court found that while petitioner participated in her improvement period, she failed to "recognize[] that the environment she created in her home created a serious danger to the child and seriously injured the child," and did not make changes "in her beliefs during the pendency of this case." It is from this order that petitioner now appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review, the Court finds no error in the circuit court's termination of petitioner's guardianship rights because the circuit court found that there was no reasonable likelihood that she could substantially correct the conditions of abuse or neglect in the near future. Petitioner argues that she successfully completed her improvement period and remedied the conditions of neglect that led to the filing of this petition.

This Court recently held that "[i]n making the final disposition in a child abuse and neglect proceeding, the level of a parent's compliance with the terms and conditions of an improvement period is just one factor to be considered. The controlling standard that governs any dispositional decision remains the best interests of the child." Syl. Pt. 4, *In re B.H.*, No. 13-0342, 2014 WL 537757 (W.Va. Feb. 5, 2014). As previously stated, the circuit court heard testimony that petitioner successfully completed the terms of her improvement period. However, Ms. Barbara Nelson, a supervised psychologist, testified that petitioner ran her home in a "work

camp" manner. Ms. Nelson further recommended that petitioner "not be allowed to be a foster parent" based upon her admission that she "violated several of the provisions of being a foster parent." The circuit court also heard testimony that the psychologist did not recommend reunification with petitioner. Importantly, the circuit court found that while petitioner "participated in the services . . . she has not recognized that the environment that she created in the home presented a danger to this child." This evidence constitutes a circumstance in which there is no reasonable likelihood that the conditions of abuse or neglect could be substantially corrected in the near future under West Virginia Code § 49-6-5(b)(3). Circuit courts are directed to terminate guardianship rights upon this finding and when termination is necessary for the children's welfare pursuant to West Virginia Code § 49-6-5(a)(6).

For the foregoing reasons, we find no error in the decision of the circuit court and the December 18, 2013, order is hereby affirmed.

Affirmed.

**ISSUED**: June 2, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II